IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BILLY LEE CORAM                                                                                       PLAINTIFF

v.                                             Case No. 4:24CV00813 BSM

JOSEPH HARRIS, Individually,
CITY OF JONESBORO, a Body Politic,
RICK ELLIOTT, Individually                                                              DEFENDANTS

## ANSWER OF SEPARATE DEFENDANT JOSEPH HARRIS

Separate Defendant Joseph Harris, in his individual capacity ("Defendant"), for his Answer to the Complaint of Plaintiff Billy Lee Coram ("Plaintiff"), states:

## INTRODUCTION

The introduction section of the Complaint is a statement of law and requires no response.

## JURISDICTION AND VENUE

1. As for Paragraph 1, Defendant acknowledges the bases of Plaintiff's claims but denies any wrongdoing. Defendant admits this Court has subject-matter jurisdiction. Defendant denies the acts giving rise to this action but admits that venue is proper for actions occurring in this District.

## PARTIES

2. Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 2, and, therefore, denies them.

3. Defendant admits that he was a police officer with the Jonesboro Police Department ("JPD") at the time of the allegations described in the Complaint. The remaining allegations in Paragraph 3 are legal in nature and require no response.

4. Defendant admits that Separate Defendant Rick Elliott was the JPD Chief of Police at the time of the allegations described in the Complaint. The remaining allegations in Paragraph 4 are not directed at Defendant and do not call for a response from him. To the extent that any of the remaining allegations in Paragraph 4 are intended to be directed at Defendant or are allegations for which Plaintiff seeks to hold Defendant liable, all such allegations are denied.

5. The allegations in Paragraph 5 are not directed at Defendant and do not call for a response from him. To the extent that any of the allegations in Paragraph 5 are intended to be directed at Defendant or are allegations for which Plaintiff seeks to hold Defendant liable, all such allegations are denied.

6. The allegations in Paragraph 6 are not directed at Defendant and do not call for a response from him. To the extent that any of the allegations in Paragraph 6 are intended to be directed at Defendant or are allegations for which Plaintiff seeks to hold Defendant liable, all such allegations are denied.

7. The allegations in Paragraph 7 are not directed at Defendant and do not call for a response from him. To the extent that any of the allegations in Paragraph 7 are intended to be directed at Defendant or are allegations for which Plaintiff seeks to hold Defendant liable, all such allegations are denied.

8. Defendant admits the allegations in Paragraph 8.

9. The allegations in Paragraph 9 are not directed at Defendant and do not call for a response from him. To the extent that any of the allegations in Paragraph 9 are intended to be directed at Defendant or are allegations for which Plaintiff seeks to hold Defendant liable, all such allegations are denied.

10. The allegations in Paragraph 10 are not directed at Defendant and do not call for a response from him. To the extent that any of the allegations in Paragraph 10 are intended to be directed at Defendant or are allegations for which Plaintiff seeks to hold Defendant liable, all such allegations are denied.

11. The allegations in Paragraph 11 are not directed at Defendant and do not call for a response from him. To the extent that any of the allegations in Paragraph 11 are intended to be directed at Defendant or are allegations for which Plaintiff seeks to hold Defendant liable, all such allegations are denied.

## FACTUAL ALLEGATIONS

12. Defendant admits that Plaintiff was a passenger in a vehicle that was pulled over by deputies with the Craighead County Sheriff's Office ("CCSO"). Defendant denies that Plaintiff was pulled over on August 8, 2024. Defendant states that CCSO deputies pulled Plaintiff over on August 7, 2024. Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 12, and, therefore, denies them.

13. Defendant admits that CCSO deputies arrested Plaintiff and transported him to a local hospital. Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 13, and, therefore, denies them.

14. Defendant admits that he and other officers apprehended Plaintiff as he attempted to flee from police custody while being discharged from the hospital. Defendant admits that he transported Plaintiff from the hospital to the Craighead County Jail. Defendant denies the remaining allegations in Paragraph 14 and denies any wrongdoing.

15. As for Paragraph 15, Defendant admits that while he transported Plaintiff to the jail, Plaintiff was handcuffed with his hands behind his back. Defendant further admits that Plaintiff

was in the attire the officers found him in after he attempted to flee from police custody while being discharged from the hospital.

16. As for Paragraph 16, Defendant lacks sufficient knowledge and information to form a belief as to whether Plaintiff felt panicked or whether Plaintiff believed the physicians at the hospital failed to locate the fentanyl he ingested. Defendant, therefore, denies those allegations. Defendant denies the remaining allegations in Paragraph 16 as stated and denies any wrongdoing.

17. Defendant denies the allegations in Paragraph 17 as stated and denies any wrongdoing. Further, Defendant is unable to admit or deny the accuracy of the photograph depicted in Image No. 1; therefore, it is denied.

18. Defendant denies the allegations in Paragraph 18 and denies any wrongdoing. Further, Defendant is unable to admit or deny the accuracy of the photograph depicted in Image No. 2; therefore, it is denied.

19. Defendant denies the allegations in Paragraph 19 and denies any wrongdoing. Further, Defendant is unable to admit or deny the accuracy of the photographs depicted in Image No. 3 and Image No. 4; therefore, they are denied.

20. Defendant denies the allegations in Paragraph 20 and denies any wrongdoing. Further, Defendant is unable to admit or deny the accuracy of the photographs depicted in Image No. 5 and Image No. 6; therefore, they are denied.

21. Defendant denies the allegations in Paragraph 21 and denies any wrongdoing. Further, Defendant is unable to admit or deny the accuracy of the photographs depicted in Image No. 7 and Image No. 8; therefore, they are denied.

22. Defendant admits that he opened the door and performed a "sternum rub" on Plaintiff. Defendant denies the remaining allegations in Paragraph 22 and denies any wrongdoing.

Further, Defendant is unable to admit or deny the accuracy of the photographs depicted in Image No. 9 and Image No. 10; therefore, they are denied.

23. Defendant denies the allegations in Paragraph 23 and denies any wrongdoing. Further, Defendant is unable to admit or deny the accuracy of the photograph depicted in Image No. 11; therefore, it is denied.

24. Defendant denies the allegations in Paragraph 24 and denies any wrongdoing.

25. Defendant admits that he stayed in the processing area for a brief period during which the Plaintiff yelled. Defendant denies the remaining allegations in Paragraph 25 and denies any wrongdoing.

26. Defendant denies the allegations in Paragraph 26 and denies any wrongdoing. Further, Defendant is unable to admit or deny the accuracy of the photographs depicted in Image No. 12 and Image No. 13; therefore, they are denied.

27. Defendant denies the allegations in Paragraph 27 and denies any wrongdoing.

28. Defendant admits to the existence of the statement referred to in Paragraph 28. Defendant states that the statement speaks for itself. Defendant denies the remaining allegations in Paragraph 28 and denies any wrongdoing.

29. Defendant denies the allegations in Paragraph 29 and denies any wrongdoing.

30. As for Paragraph 30, Defendant admits that he began his employment with the City of Jonesboro as a JPD officer on May 13, 2019.

31. Defendant admits that he began police training at the JPD on May 13, 2019. Defendant states that he continued training until he successfully completed the program a few months later. Defendant denies the remaining allegations in Paragraph 31 as stated and denies any wrongdoing.

32. Defendant denies the allegations in Paragraph 32 as stated and denies any wrongdoing.

33. Defendant denies the allegations in Paragraph 33 as stated and denies any wrongdoing.

34. Defendant is without sufficient knowledge and information to admit or deny the allegations in Paragraph 34, and, therefore, denies them. Defendant denies the characterization of the individual as a "victim."

35. Defendant denies the allegations in Paragraph 35 and denies any wrongdoing. Defendant denies the characterization of the individual as a "victim."

36. Defendant denies the allegations in Paragraph 36 and denies any wrongdoing. Defendant denies the characterization of the individual as a "victim."

37. As for Paragraph 37, Defendant admits that the suspect he stopped filed a complaint regarding the stop. Defendant denies the remaining allegations in Paragraph 37 and denies any wrongdoing. Defendant denies the characterization of the individual as a "victim." Further, Defendant is unable to admit or deny the accuracy of the image depicted in Image No. 14; therefore, it is denied.

38. As for Paragraph 38, Defendant admits that he was promoted to K-9 handler. Defendant is without sufficient knowledge and information to form a belief about the remaining allegations in Paragraph 38, and, therefore, denies them. Defendant denies any wrongdoing and denies the characterization of the individual as a "victim." Defendant admits Image No. 15 is a photograph of Defendant and that Image No. 15 speaks for itself.

39. As for Paragraph 39, Defendant admits that in July of 2022 he and his coworker encountered a group of intoxicated individuals while working extra duty as security officers at Midnight Nightclub. Defendant further admits one of the individuals was arrested.

40. Defendant denies the allegations in Paragraph 40 and denies any wrongdoing. Defendant denies the characterization of the individual as a "victim." Further, Defendant is unable to admit or deny the accuracy of the photographs depicted in Image No. 16, Image No. 17, Image No. 18, and Image No. 19; therefore, they are denied.

41. Defendant denies the allegations in Paragraph 41 and denies any wrongdoing. Defendant denies the characterization of the individual as a "victim." Further, Defendant is unable to admit or deny the accuracy of the photographs depicted in Image No. 20, Image No. 21, Image No. 22, and Image No. 23; therefore, they are denied.

42. Defendant is without sufficient knowledge and information to form a belief as to the allegations in Paragraph 42, and, therefore, denies them. Defendant denies any wrongdoing and denies the characterization of the individual as a "victim".

43. Defendant denies the allegations in Paragraph 43 and denies any wrongdoing. Defendant denies the characterization of the individual as a "victim."

44. Defendant denies the allegations in Paragraph 44 and denies any wrongdoing.

45. Defendant admits the allegations in Paragraph 45, but denies the characterization of the individual as a "victim."

46. Defendant denies the allegations in Paragraph 46 and denies any wrongdoing. Defendant denies the characterization of the individual as a "victim."

47. Defendant denies the allegations in Paragraph 47 and denies any wrongdoing. Defendant denies the characterization of the individual as a "victim."

48. Defendant admits to the existence of the statement referred to in Paragraph 48. Defendant states that the statement speaks for itself. Defendant denies the remaining allegations in Paragraph 48 and denies any wrongdoing.

49. Defendant denies the allegations in Paragraph 49 and denies any wrongdoing. Further, Defendant is unable to admit or deny the accuracy of the image depicted in Image No. 24; therefore, it is denied.

50. Defendant denies the allegations in Paragraph 50 and denies any wrongdoing. Defendant denies the characterization of the individual as a "victim."

51. Defendant admits that an individual made a complaint naming JPD officers, including Harris, about an arrest made while they were responding to a fight at the Brickhouse Grill on Main Street in Jonesboro. Defendant denies the remaining allegations in Paragraph 51 and denies any wrongdoing. Defendant denies the characterization of the individual as a "victim."

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53 and denies any wrongdoing.

54. Defendant denies the allegations in Paragraph 54 as stated and denies any wrongdoing.

**COUNT I**

55. Defendant incorporates the responses contained in Paragraphs 1-54 as if fully set forth here.

56. Paragraph 56 is a statement of law and requires no response.

57. Defendant denies the allegations in Paragraph 57 and denies any wrongdoing.

58. Defendant denies the allegations in Paragraph 58 and denies any wrongdoing.

59. Defendant denies the allegations in Paragraph 59 and denies any wrongdoing.

60. Defendant denies the allegations in Paragraph 60 and denies any wrongdoing.

61. Defendant denies the allegations in Paragraph 61 and denies that Plaintiff is entitled to any relief requested in the Complaint.

## COUNT II

62. Defendant incorporates the responses contained in Paragraphs 1-61 as if fully set forth here.

63. Paragraph 63 is a statement of law and requires no response.

64. Paragraph 64 is a statement of law and requires no response.

65. Paragraph 65 is a statement of law and requires no response.

66. Paragraph 66 is a statement of law and requires no response.

67. Defendant denies the allegations in Paragraph 67 and denies any wrongdoing.

68. Defendant denies the allegations in Paragraph 68 and denies any wrongdoing.

69. Defendant denies the allegations in Paragraph 69 and denies any wrongdoing.

70. Defendant denies that Plaintiff is entitled to any relief requested in the Complaint, including the relief requested in the WHEREFORE paragraph.

71. Defendant denies all allegations not specifically admitted.

72. Defendant requests a jury trial.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted, and all claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

2. Defendant asserts that he did not violate any of Plaintiff's constitutional or statutory rights.

3. As discovery has not yet been undertaken, Defendant asserts any and all affirmative defenses that may be determined to be applicable pursuant to Fed. R. Civ. P. 8(c), including but not limited to justification and privilege.

4. Defendant avails himself of any and all applicable state and federal immunities, including but not limited to, statutory, absolute, qualified, sovereign, and good faith immunities.

5. Any injuries or damages were proximately caused by Plaintiff's own conduct.

6. Defendant at all times acted in good faith to comply with all applicable federal and state laws and acted with reasonable grounds to believe his actions did not violate the rights of Plaintiff, and Defendant asserts a lack of willfulness or intent as a defense to any claim by Plaintiff for punitive damages.

7. Defendant demands allocation and apportionment of the relative degrees of fault of all parties who are appropriately at fault under the Arkansas Comparative Fault Statutes, including Ark. Code Ann. § 16-64-122, the Civil Justice Reform Act of 2003, as codified at Ark. Code Ann. § 16-61-201 *et seq.* and an allocation of fault of all parties and relevant non-parties in accordance with Ark. Code Ann. § 16-61-201 *et seq.*, the Arkansas Uniform Contribution Among Tortfeasors Act (UCATA), and all applicable statutes and case law. Defendant is entitled to have any other party or parties allowable under Arkansas law on the verdict form as a non-party.

8. Any claims for punitive damages are barred because Defendant has not engaged in any conduct motivated by evil motive or intent, nor has he engaged in any conduct with reckless or callous indifference to federally protected rights.

9. Punitive damages claims are unconstitutional and should be dismissed for each of the following reasons:

a. There is no definitive standard for setting the amount of punitive damages and, therefore, an award of punitive damages without requiring Plaintiff to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence, violates the Defendant's due process rights under the United States Constitution, including the Fourteenth Amendment thereto.

b. An award of punitive damages violates the Defendant's due process and equal protection rights guaranteed by the United States Constitution, including the Fourteenth Amendment thereto, and the double jeopardy clause of the United States Constitution, as incorporated into the Fourteenth Amendment, in that a jury (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrents and punishment; (3) is not expressly prohibited from awarding punitive damages in whole or in part, on the basis of insidiously discriminatory characteristics of a defendant; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis of objective standards; and (6) is not required to consider the character and degree of the alleged wrong.

c. An award of punitive damages under a process which fails to bifurcate the issue of punitive damages from the remaining issues violates the Defendant's due process rights guaranteed by the United States Constitution, including the Fourteenth Amendment thereto.

10. Defendant affirmatively incorporates the affirmative defenses of all answering defendants.

WHEREFORE, Separate Defendant Joseph Harris respectfully requests that the Court dismiss Plaintiff Billy Lee Coram's Complaint, award Defendant his costs and attorney's fees, and all other appropriate relief.

Respectfully submitted,

David M. Fuqua
Ark. Bar No. 80048
Email: dfuqua@fc-lawyers.com

Annie Depper
Ark. Bar No. 2009267
Email: adepper@fc-lawyers.com

John T. Adams
Ark. Bar No. 2005014
Email: jadams@fc-lawyers.com

Harper Kiefer
Ark. Bar No. 2021129
Email: hkiefer@fc-lawyers.com

FUQUA CAMPBELL, P.A.
3700 Cantrell Road, Suite 205
Little Rock, Arkansas 72202
(501) 374-0200 – Telephone
(501) 975-7153 – Facsimile

*Attorneys for Separate Defendant*
*Joseph Harris, Individually*