IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BILLY LEE CORAM                                                                  PLAINTIFF

V.                      Case No. 4:24-CV-00813-BSM

JOSEPH HARRIS, Individually,
CITY OF JONESBORO, a Body Politic,
and RICK ELLIOTT, Individually                                 DEFENDANTS

## RESPONSE TO MOTION TO STAY

COMES NOW the Plaintiff, BILLY LEE CORAM, by and through his attorneys LAUX LAW GROUP and LASSITER AND CASSINELLI, and in response to Separate Defendant Joseph Harris's Motion to Stay, states:

Separate Defendant Harris has requested a complete stay of all discovery to protect Defendant Harris's Fifth Amendment privilege to be free from compelled self-incrimination in *State of Arkansas v. Joseph Tucker Harris*, 16JCR-25-208, a criminal case arising from the same incident as this civil case. However, Defendant Harris's stated justification is not sufficient to grant such drastic relief. The resolution of the related criminal case against Defendant Harris will have no preclusive effect on any of Plaintiff's claims against Harris or the other Defendants. Further, Plaintiff's *Monell* claims against the other Defendants for maintaining policies, practices and customs that caused Defendant Harris to use excessive force will require discovery on various issues that have no nexus with Defendant Harris's criminal charges.

Balancing the equities according to precedential legal standards, this honorable Court should deny Defendant Harris's Motion to Stay. Alternatively, the Court should limit any stay to discovery that actually implicates Defendant Harris's Fifth Amendment rights.

1

1. This case arises from an August 8, 2024 incident in which Defendant JOSEPH HARRIS, who was employed by the CITY OF JONESBORO ("CITY") as an officer with the Jonesboro Police Department (JPD), exercised excessive force against BILLY LEE CORAM ("PLAINTIFF"), causing significant physical injuries.

2. Defendant RICK ELLIOTT ("ELLIOTT'), in his role as the JPD Chief of Police, was designated by the CITY to be ultimately responsible for making and enforcing JPD's policies regarding use of force.

3. ELLIOTT'S conduct regarding past incidents where HARRIS and other JPD officers have been accused of excessive force evidences a policy and custom of overlooking incidents of excessive force and dishonest reporting committed by JPD officers.

4. On September 4, 2024, PLAINTIFF filed the Complaint in this case against HARRIS, individually, ELLIOTT, individually, and the CITY.

5. On February 18, 2025, the State of Arkansas filed criminal charges against HARRIS in *State of Arkansas v. Joseph Tucker Harris*, 16JCR-25-208. The State's charges against HARRIS include aggravated assault, filing a false report, and battery.

6. Because the State filed these charges against HARRIS, HARRIS now seeks a stay of this civil case.

7. Whether HARRIS is found guilty or acquitted in the criminal case will not affect PLAINTIFF'S ability to proceed against HARRIS in this civil case.

8. The State of Arkansas has not filed criminal charges against ELLIOTT or any other official or employee of the CITY related to the August 8, 2024 incident between HARRIS and PLAINTIFF.

9. PLAINTIFF'S claims against ELLIOTT and the CITY are not implicated by the criminal charges against HARRIS. These claims are for municipal liability, and to prove these claims, PLAINTIFF must establish that the excessive force and dishonest reporting employed by HARRIS were caused by the policies, practices, and customs of the CITY and its policy-making designee, ELLIOTT.

10. The discovery needed to establish these policies, practices, and customs includes information regarding the hiring, training, disciplinary record, supervision and discipline of HARRIS and all other members of the JPD.

11. In this case, PLAINTIFF'S requests to the CITY under the Arkansas Freedom of Information Act ("AFOIA") have returned indices of hundreds of complaints against officers of the JPD over the past ten years.

12. Based on these complaint indices, PLAINTIFF began drafting discovery requests—a process that took a substantial amount of time, since it required careful review of all the complaint indices. PLAINTIFF has now served his Requests for Production upon counsel for the CITY, seeking investigation files associated with complaints against JPD officers regarding use of force, excessive force, assault, battery, aggravated assault, police-involved shootings, conduct unbecoming, improper conduct, falsification of records, failure to compile reports, false allegations, unlawful arrest, and giving false information.

13. PLAINTIFF has also served Interrogatories seeking information regarding the hiring, training, disciplinary record, supervision and discipline of JPD officers.

14. Preventing such discovery while awaiting the result of a criminal trial which cannot preclude PLAINTIFF'S claims is not necessary to resolve HARRIS'S Fifth Amendment concerns,

3

and it would substantially and unjustifiably prejudice PLAINTIFF by delaying the resolution of this case.

15. If this Court applies the five *Keating* factors as HARRIS asks the Court to do, the Court must balance HARRIS'S asserted Fifth Amendment privilege against:

> (1) The interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interest of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995). These factors weigh in favor of denying a stay in this instance.

16. The delay caused by granting HARRIS'S Motion to Stay is likely to be substantial. Although HARRIS'S Motion alleges that "[I]t appears Harris's criminal case may be resolved expeditiously[,]" the criminal docket suggests otherwise. On HARRIS'S own motion, the trial in his criminal case has been continued until August 4-15, 2025. Exhibit A, *Order of Continuance and Scheduling Order*. Thus, granting HARRIS'S Motion to Stay would likely prevent PLAINTIFF from developing his claims until mid-August. This would substantially prejudice PLAINTIFF's ability to obtain timely relief.

17. Trial in this case is not set until May 11, 2026. Therefore, the two trials will not overlap such that effective defense of both will be impossible. *Koester v. American Republic Invs.*, 11 F3d 818, 823 (8th Cir. 1993).

18. Denying HARRIS'S Motion to Stay will not prejudice HARRIS by forcing him to choose between participating in discovery or asserting his Fifth Amendment privilege in this case. HARRIS is entitled to do both: respond to the requests that do not seek incriminating information,

4

and object to the requests that do. This Court is well-equipped to resolve any dispute that may arise during the discovery process without resorting to a stay of the entire case.

19. The Motion to Stay seems to argue that it would only be reasonable to allow this case to proceed if HARRIS'S conduct were less criminally injurious than it was. In fact, the opposite is true. HARRIS'S use of excessive physical force as an employee of the CITY implicates a substantial public interest in judicially determining—sooner rather than later—whether the CITY's policy, practice, and custom is to treat human beings so violently.

20. Denying HARRIS'S Motion to Stay will allow discovery on this issue, benefiting not only the Parties' interest in a fair and expeditious resolution of this case, but also the public's interest in learning—and potentially improving—the policies, practices, and customs of its own government officials and employees.

WHEREFORE, premises considered, Plaintiff Billy Coram respectfully requests that the Court enter an Order denying Separate Defendant Joseph Harris's Motion to Stay in its entirety, or at least limiting the scope of any stay so that discovery may proceed on all issues that do not implicate Defendant Harris's Fifth Amendment rights. Plaintiff further requests all other relief, both general and specific, to which he may prove himself entitled.

Respectfully submitted,

**/s/ Michael J. Laux**
Michael J. Laux
E. Dist. Arkansas Bar No. 6278834
One of the Attorneys for PLAINTIFF
LAUX LAW GROUP
400 W. Capitol Avenue, Suite 1700
Little Rock, Arkansas 72201
Telephone: (501) 242-0750
Facsimile: (501) 372-3482
Email: mlaux@lauxlawgroup.com
       mikelaux@icloud.com

and

Michael Kiel Kaiser
Arkansas Bar No. 2015001
One of the Attorneys for PLAINTIFF
LASSITER & CASSINELLI
1218 West Sixth Street
Little Rock, AR 72201
Telephone: (501) 370-9300
Facsimile: (501) 370-9306
Email: michael@lasscass.com

## CERTIFICATE OF SERVICE

I, Michael J. Laux, certify that a copy of the foregoing Response has been served via email on Harper Kiefer, David Fuqua, John Adams, Margaret Depper, Russell Wood, and Samuel Baber on May 20, 2025.

/s/ **Michael J. Laux**
Michael J. Laux
E. Dist. Arkansas Bar No. 6278834
One of the Attorneys for PLAINTIFF
LAUX LAW GROUP
400 W. Capitol Avenue, Suite 1700
Little Rock, AR 72201
Telephone: (501) 242-0750
Facsimile: (501) 372-3482
E-mail: mlaux@lauxlawgroup.com
     mikelaux@icloud.com