IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BILLY LEE CORAM                                                                            PLAINTIFF

V.                                        Case No. 4:24CV00813 BSM

JOSEPH HARRIS, Individually,
CITY OF JONESBORO, a Body Politic,
and RICK ELLIOTT, Individually                                                      DEFENDANTS

**SEPARATE DEFENDANT JOSEPH HARRIS'S
REPLY IN SUPPORT OF MOTION TO STAY**

In his Motion to Stay, Separate Defendant Joseph Harris ("Harris") presented the Court with evidence demonstrating the striking similarity between the criminal charges in *State of Arkansas v. Joseph Tucker Harris*, 16JCR-25-208, and the allegations in this case.[1] Harris also presented the Court with legal analysis supporting a motion to stay. In his response, Plaintiff fails to provide evidentiary or legal support for his objection to Harris's motion to stay. Accordingly, the motion to stay should be granted.

As an initial matter, Plaintiff's response is untimely. Harris filed his motion to stay on May 6, 2025. Doc. No. 15. Local Rule 7.2(b) provides, "Within fourteen (14) days from the date of service of copies of a motion and supporting papers, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities." Plaintiff's response was therefore due on May 20, 2025[2]. Plaintiff filed his response on May 21, 2025, a day late. Local Rule 7.2(f) provides, "The failure to timely respond to any nondispositive motion, as required by the Federal Rules of Civil Procedure, the Federal Rules of Criminal

---

[1] Plaintiff acknowledges the "criminal case aris[es] from the same incident as this civil case." Doc. No. 18, Response to Motion to Stay, p. 1.

[2] The City Defendants filed a timely response on May 20, 2025. Doc. No. 17. The City Defendants do not oppose Harris's motion to stay. *Id.*

Procedure, or by any local rule, shall be an adequate basis, without more, for granting the relief

sought in said motion." Plaintiff did not timely respond to Harris's motion to stay. That fact alone

provides adequate basis to grant Harris's motion to stay.

In his response, Plaintiff maintains he should be allowed to proceed with his *Monell* claims

against the City Defendants. "Plaintiff's *Monell* claims against the other Defendants for

maintaining policies, practices and customs that caused Defendant Harris to use excessive force

will require discovery on various issues that have no nexus with Defendant Harris's criminal

charges." Doc. No. 18, Response to Motion to Stay, p. 1. Further,

> Plaintiff's claims against Elliott and the City are not implicated by the criminal
> charges against Harris. These claims are for municipal liability, and to prove these
> claims, Plaintiff must establish that the excessive force and dishonest reporting
> employed by Harris were caused by the policies, practices, and customs of the City
> and its policy-making designee, Elliott.

*Id*. at ¶ 9.

While the *Monell* claims are pursued only against the City Defendants, they are based on

alleged actions taken by Harris. A *Monell* claim fails if the individual officer committed no

constitutional violation. "Without a constitutional violation by the individual officers, there can be

no § 1983 or *Monell* failure to train municipal liability." *City of Los Angeles v. Heller*, 475 U.S.

796, 799, 106 S. Ct. 1571, 89 L. Ed. 2d 806 (1986) (per curiam). Plaintiff's claims against the City

Defendants are, therefore, inextricably intertwined with his claims against Harris. The City

Defendants also acknowledge this, stating, "Assuming Separate Defendant Harris intends to

invoke his Fifth Amendment right against self-incrimination in this case, City Defendants agree

that the entire case should be stayed to give City Defendants the opportunity to properly defend

this case." Doc. No. 17, Response to Separate Defendant Harris's Motion to Stay, ¶ 3. Further,

"Separate Defendant Harris's testimony is necessary to properly defend the allegations against

City Defendants." *Id*. at ¶ 4. This connection between the claims against Harris and the claims

against the City Defendants means this case cannot be developed through piecemeal discovery. This supports Harris's request to stay the case.

Plaintiff further asserts, "[G]ranting Harris's Motion to Stay would likely prevent Plaintiff from developing his claims until mid-August. This would substantially prejudice Plaintiff's ability to obtain timely relief." Doc. No. 18, Response to Motion to Stay, ¶ 16. As stated in Harris's motion, this case is relatively young. Plaintiff filed his complaint on September 24, 2024. *See* Doc. No. 1. The Court issued the Final Scheduling Order on January 13, 2025, setting the trial in this case for May 11, 2026. *See* Doc. No. 14. While Plaintiff recently served discovery requests on the City Defendants and Harris (after Harris filed his motion to stay), no depositions have been conducted and none are scheduled. A stay in these circumstances is not prejudicial to Plaintiff.

Plaintiff also states, "Trial in this case is not set until May 11, 2026. Therefore, the two trials will not overlap such that effective defense of both would be impossible." Doc. No. 18, Response to Motion to Stay, ¶ 17. Plaintiff is correct that the actual trial dates do not overlap. Plaintiff ignores, however, what is required in preparation for trial such as written discovery and depositions. As stated above, Plaintiff recently served written discovery on Harris. Harris is currently defending criminal charges. This case and Harris's criminal case are already overlapping.

According to Plaintiff, Harris can defend himself in this case while protecting his Fifth Amendment rights.

> Denying Harris's Motion to Stay will not prejudice Harris by forcing him to choose between participating in discovery or asserting his Fifth Amendment privilege in this case. Harris is entitled to do both: respond to the requests that do not seek incriminating information, and object to the requests that do.

*Id*. at ¶ 18. Plaintiff misses the point. If Harris invokes his Fifth Amendment privilege in this case, he will be prejudiced. This will hamper his ability to present a thorough defense. Furthermore, if Harris invokes his Fifth Amendment privilege, he risks an adverse inference. "The Fifth

Amendment permits an adverse inference when the privilege against self-incrimination is claimed by a party in a civil case." *S.E.C. v. Brown*, 658 F.3d 858, 863 (8th Cir. 2011). Harris could choose to waive his Fifth Amendment privilege but, if he does, he risks the state of Arkansas using his statements against him in the criminal case. A stay of the case will allow Harris the ability to defend himself in the criminal case and then defend himself in the civil case.

Plaintiff suggests a middle ground. "[T]he Court should limit any stay to discovery that actually implicates Defendant Harris's Fifth Amendment rights." Doc. No. 18, Response to Motion to Stay, p. 1. Again, the factual allegations of the criminal case and this case are identical. The claims against Harris and the City Defendants are inextricably intertwined. As such, the limited stay proposed by Plaintiff is not feasible. Further, such a limited stay would still result in delay. The completion of discovery will require Harris to respond to discovery requests and sit for a deposition. This cannot be done until his criminal proceedings conclude.

The arguments presented in Plaintiff's response do not overcome the serious prejudice to Harris if this case is not stayed. For the reasons stated above and those presented in Harris's motion, Harris respectfully asserts that a stay is necessary.

Respectfully submitted,

David M. Fuqua
Ark. Bar No. 80048
Email: dfuqua@fc-lawyers.com

Annie Depper
Ark. Bar No. 2009267
Email: adepper@fc-lawyers.com

John T. Adams
Ark. Bar No. 2005014
Email: jadams@fc-lawyers.com

Harper Kiefer
Ark. Bar No. 2021129
Email: hkiefer@fc-lawyers.com

FUQUA CAMPBELL, P.A.
3700 Cantrell Road, Suite 205
Little Rock, Arkansas 72202
(501) 374-0200 – Telephone
(501) 975-7153 – Facsimile

*Attorneys for Separate Defendant*
*Joseph Harris, Individually*

5